UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

VERONICA O'NEAL                               CIVIL ACTION

VERSUS                                        NO: 08-1144

GALVEZ DOCTOR'S CLINIC                        SECTION: R

**ORDER & REASONS**

Before the Court is plaintiff's Motion to Enforce Settlement and for Attorney Fees.[1] Because the Court lacks subject matter jurisdiction to enforce the settlement agreement, the Court DENIES the motion.

On April 14, 2010, the Court entered an Order of Dismissal in this employment discrimination action.[2] That Order states:

> The Court having been advised by counsel for all parties that they have firmly agreed upon a compromise in this matter; IT IS ORDERED that this action be and it is hereby dismissed as to all parties, without costs and without prejudice to the right, upon good cause shown, within sixty days, to reopen the action if settlement is not consummated. In addition, the Court specifically retains jurisdiction to enforce the settlement agreement within sixty days if settlement is not consummated.[3]

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). When a district court dismisses a case based on the parties' settlement, the Court has jurisdiction to enforce the

---

[1] R. Doc. 34; R. Doc. 42.

[2] R. Doc. 32.

[3] *Id.*

agreement only in limited circumstances. If there is independent subject matter jurisdiction over the agreement, the Court can exercise jurisdiction on that basis. *Id.* at 382. Otherwise, the court cannot enforce the agreement unless the dismissal order specifically retains jurisdiction over the agreement or incorporates the agreement's terms. *Id.* at 381. "The judge's mere awareness and approval of the terms of the settlement agreement" is not enough. *Id.*

The Court retained jurisdiction to enforce the settlement in this case for sixty days. But, plaintiff filed this Motion to Enforce Settlement and for Attorney Fees on September 26, 2010, more than sixty days after the Court entered the Order of Dismissal. Further, the dismissal order did not incorporate the agreement's terms. In addition, plaintiff has submitted no evidence that there is independent subject matter jurisdiction over the agreement. *See id.* at 377 (stating that the burden of establishing jurisdiction rests upon the party asserting jurisdiction). Accordingly, plaintiff's motion to enforce the settlement agreement is DENIED.

New Orleans, Louisiana, this 18th day of April, 2011.

*Sarah Vance*

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE